[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed suit against the defendant to recover payments for the shipments of spices made to the defendant. The plaintiff alleges that payments of several shipments were either partially paid or not paid at all. Upon the close of pleadings in the case, the court held a hearing. Prior to the hearing, numerous exhibits were entered into evidence by both the plaintiff and the defendant. Based on the testimony adduced at the hearing and the other evidence, the court finds the following:
The plaintiff has sustained its burden to demonstrate that it is entitled to payment on six shipments made to the defendant which were either partially paid by the defendant or which the defendant failed to pay, in the amount of $3,088.69. The defendant claims that it was entitled to take credits against the above figure. However, the defendant has failed to meet its burden to demonstrate it is so entitled.
First, with regard to invoice number 3321, the defendant claims entitlement to a chargeback in the amount of $674.40 because it "did not receive the products that [it was] charged for." See Plaintiff's Exhibit 3. The defendant did not itemize the products that it claimed were missing from the shipment. The delivery receipt for the shipment includes a handwritten notation that 66 cases were received, and the invoice as well as the bill CT Page 13256 of lading for the shipment indicates, oddly, that 65 cases were shipped. Although the delivery receipt does include a notation that one case of 5-pound granulated garlic was damaged upon inspection, the defendant does not claim a credit for damaged items on the chargeback form. Because the defendant has failed to demonstrate which items it did not receive, the defendant is entitled to no credit for this shipment.
Second, the defendant claims entitlement to a chargeback on invoice number 3370 in the amount of $264.83, because the shipment was allegedly again short certain items which were included in the price of the shipment. See Plaintiff's Exhibit 7. The defendant itemized the products it alleged were not shipped. Both the delivery receipt and the bill of lading indicate that 33 cases were shipped by the plaintiff and include a handwritten notation that the defendant received 33 cases. Accordingly, the defendant has failed to demonstrate that it is entitled to credit for this shipment due to missing items for which it was charged.
Third, in making payments on shipment invoice numbers 3321, 3337, 3371, 3369 and 3370, the defendant credited- itself a 1% "discount" on the total amounts of each shipment. The defendant has provided the court with no explanation for this alleged "discount," and accordingly is entitled to no credit for the same.
Finally, the defendant claims that it is entitled to a "chargeback"[1] of $2,472.79 for the costs accompanying a food show held by the defendant and attended by the plaintiff. The defendant claims that it paid for the food show and that it had an agreement with the plaintiff for the plaintiff to pay a fee for maintaining a booth at the show, to buy "bonus bucks" to hand out to patrons of the show, for a 4% "quantity rebate" and for samples of its own product to show at its booth. Although the defendant's witness indicated on cross-examination that there would have been documents memorializing such an agreement at the time negotiations for it took place, the witness indicated that no such documents exist. The defendant has furnished no proof of such an agreement. Therefore, the defendant has failed to demonstrate entitlement to a "chargeback" for the food show.
In sum, the plaintiff has sufficiently demonstrated it is entitled to: (1) $2,074.18 on invoice number 3268, the full amount of the shipment for which the defendant made no payment; (2) $705.00 on invoice number 3321, the amount of chargeback and CT Page 13257 1% discount to which the defendant claimed entitlement; (3) $11.73 on invoice number 3337, the amount of 1% discount to which the defendant claimed entitlement; (4) $4.40 on invoice number 3371, the amount of 1% discount to which the defendant claimed entitlement; (5) $16.26 on invoice number 3369, the amount of 1% discount to which the defendant claimed entitlement; and (6) $277.12 on invoice number 3370, the amount of chargeback and 1% discount to which the defendant claimed entitlement. Thus, the court finds in favor of the plaintiff for a total of $3,088.69.
SO ORDERED :
Joseph H. Sylvester, J. JUDGE OF THE SUPERIOR COURT